# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AL COPELAND INVESTMENTS, LLC, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-16346** |
| **FIRST SPECIALTY INSURANCE CORPORATION** | **SECTION: "G"(5)** |

## ORDER

Pending before the Court is Defendant First Specialty Insurance Corporation's ("Defendant") "Motion to Dismiss" in which Defendant argues that the instant action should be dismissed without prejudice due to the existence of a valid forum selection clause contained in the insurance policy at issue.[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion and dismiss the instant action without prejudice.

## I. Background

This matter concerns an insurance dispute. Plaintiffs Al Copeland Investments, LLC and Diversified Foods & Seasonings, LLC (collectively "Plaintiffs") allege that they suffered damages to two properties and that those damages are covered under an insurance policy ("the Policy") issued by Defendant.[2] Plaintiffs allege that Defendant failed to honor their claim for the property damage, and they bring a claim for breach of contract based on Defendant's denial of coverage.[3] Plaintiffs also seek penalties and attorneys' fees arising out of Defendant's alleged breach of the

---

[1] Rec. Doc. 11.

[2] Rec. Doc. 5 at 3.

[3] *Id.* at 5.

Policy.[4]

Plaintiffs filed the original complaint in this action on November 14, 2016.[5] With leave of Court, Plaintiffs filed an amended complaint on November 18, 2016, to properly allege the citizenship of Plaintiffs.[6] On January 9, 2017, Defendant filed the instant motion to dismiss.[7] On January 24, 2017, Plaintiffs filed an opposition to the motion.[8] On February 1, 2017, with leave of Court, Defendant filed a reply in further support of the motion.[9] On March 29, 2017, with leave of Court, Plaintiffs filed a supplemental memorandum in opposition to the motion.[10] With leave of Court, Defendant filed a supplemental memorandum in further support of the motion on April 7, 2017.[11]

## II. Parties' Arguments

### A. Defendant's Arguments in Support of the Motion to Dismiss

In support of its motion to dismiss, Defendant argues that the Policy contains an unambiguous forum selection clause designating the state of New York as the exclusive jurisdiction to hear any disputes between the parties.[12] Defendant asserts that the forum selection clause was included in the original policy issued by Defendant to Plaintiffs, as well as the most

---

[4] *Id.* at 5–6.

[5] Rec. Doc. 1.

[6] Rec. Doc. 5.

[7] Rec. Doc. 11.

[8] Rec. Doc. 16.

[9] Rec. Doc. 20.

[10] Rec. Doc. 25.

[11] Rec. Doc. 33.

[12] Rec. Doc. 11-1 at 5.

recent Policy.[13] Thus, Defendant asserts that Plaintiffs filed the instant suit with full knowledge of the forum selection clause.[14]

Defendant asserts that when a party seeks to enforce a forum selection clause that requires that an action be brought in a particular state court, the appropriate way to enforce such a clause is through the doctrine of *forum non conveniens*.[15] Defendant further asserts that under such an analysis, the Court should first consider whether the claims asserted in the complaint fall within the scope of a valid forum selection clause.[16] Once the validity of the forum selection clause is established, Defendant avers, dismissal is appropriate unless the plaintiff shows extraordinary circumstances demonstrating that public interest factors overwhelmingly disfavor dismissal.[17]

Defendant contends that in this case, dismissal is appropriate because it argues that the forum selection clause is valid and that Plaintiffs cannot show that the clause is unreasonable.[18] According to Defendant, such unreasonableness exists where: (1) the forum selection clause was the product of fraud or overreaching; (2) the party seeking to escape enforcement will be deprived of his day in court because of the inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.[19]

---

[13] *Id.*

[14] *Id.*

[15] *Id.* at 6 (citing *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 573–74 (2013)).

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.* at 7-8 (citing *Haynsworth v. The Corp.*, 121 F.3d 956, 962 (5th Cir. 1997)).

Defendant asserts that the forum selection clause was the product of an arm's length negotiation between sophisticated parties and not the product of fraud or overreaching. [20] Defendant next argues that the fact that Plaintiffs might be burdened with travel inconvenience or expense in litigating the instant dispute in New York does not preclude enforcement of the forum selection clause.[21] Defendant contends that Plaintiffs would be neither deprived of their day in court nor a remedy by enforcing the forum selection clause and requiring the dispute to be litigated in New York.[22]

Next, Defendant argues that enforcement of the forum selection clause would not contravene a strong public policy of Louisiana.[23] According to Defendant, Louisiana law approves of and encourages forum selection clauses.[24] Defendant next notes that Plaintiffs cite to Louisiana Revised Statute § 22:868 for the apparent argument that the statute precludes enforcement of the Policy's forum selection clause.[25] According to Defendant, the Louisiana Supreme Court has recognized that the state legislature has enacted three statutes to declare forum selection clauses unenforceable and against public policy in very limited circumstances, none of which are present here.[26] Defendant further asserts that none of the cases interpreting Section 22:868 have found it

---

[20] *Id.* at 8.

[21] *Id.* at 9 (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)).

[22] *Id.*

[23] *Id.* at 10.

[24] *Id.* (citing *Shelter Mut. Ins. Co. v. Rimkus Consulting Grp., Inc. of Louisiana*, 148 So.3d 871, 881 (La. 2014)).

[25] *Id.* at 11.

[26] *Id.* at 11–12 (citing *Shelter Mut. Ins. Co.*, 148 So.3d at 881).

to limit the application of forum selection clauses.[27] Rather, Defendant avers, the statue has been viewed as a limitation on arbitration clauses.[28]

Rather than invalidating forum selection clauses, Defendant asserts that Section 22:868 bars insurance contracts attempting to deprive Louisiana courts of jurisdiction.[29] According to Defendant, the Supreme Court has rejected the idea that a forum selection clause deprives a court of jurisdiction.[30] Defendant argues that a forum selection clause does not deprive a court of jurisdiction and instead asks a court to exercise its jurisdiction to enforce the parties' contract.[31] Moreover, even if the law was unclear regarding whether a forum selection clause denies a court of jurisdiction, Defendant notes that Plaintiffs filed this action in federal court, rather than state court, and that enforcement of the forum selection clause would have no effect on the courts of Louisiana.[32]

Next, Defendant asserts that the forum selection clause is mandatory.[33] According to Defendant, the language of the forum selection clause is almost identical to language that the Fifth Circuit has interpreted to be mandatory.[34] Defendant argues that where, as here, the parties agreed to a mandatory forum selection clause, a court determining whether to dismiss a case under a *forum*

---

[27] *Id.* at 13.

[28] *Id.* at 13–14.

[29] *Id.* at 14.

[30] *Id.* (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972)).

[31] *Id.* at 15.

[32] *Id.*

[33] *Id.*

[34] *Id.* at 16.

*non conveniens* analysis is to give the plaintiff's choice of forum no weight and is not to consider the parties' private interests.[35]  According to Defendant, the relevant public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law.[36]

Defendant contends that the public interest factors weigh in favor of dismissal because: (1) adjudication in New York will alleviate Louisiana federal court congestion; (2) although the property at issue is located in Louisiana, the dispute is not localized, as the Policy covers properties in multiple states throughout the United States, was issued in Georgia by Defendant, a Missouri Corporation with its principal place of business in Kansas, and specifies that New York law will apply; and (3) the Policy contains a specific choice of law clause stating that New York law governs any disputes, and New York courts have better familiarity with New York law.[37]  Thus, Defendant argues, the Court should dismiss the instant action without prejudice under a *forum non conveniens* analysis.[38]

## B.     *Plaintiffs' Arguments in Opposition to the Motion to Dismiss*

In opposition to the motion to dismiss, Plaintiffs argue that Louisiana Revised Statute § 22:868(A)(2) prohibits the Policy's forum selection clause and choice of law.[39]  Plaintiffs

---

[35] *Id.* at 17 (citing *Atl. Marine Constr.*, 134 S.Ct. at 582).

[36] *Id.* at 18.

[37] *Id.* at 18–19.

[38] *Id.* at 20.

[39] Rec. Doc. 16 at 4.

point to three Louisiana courts of appeal decisions in which the courts evaluated a former version of the statute and found that insurance policies could not deprive Louisiana courts of jurisdiction over disputes.[40] Plaintiffs also assert that Louisiana courts have held that a Louisiana insurance policy cannot mandate the application of another state's law.[41] Plaintiffs argue that the Louisiana Legislature and Louisiana courts are concerned about the relationship between an insured and an insurer and that the parameters of the bargaining arena in such relationships are thus "carefully patrolled."[42]

Plaintiffs acknowledge that the Louisiana Supreme Court has found that forum selection clauses are not *per se* violative of public policy in Louisiana.[43] However, Plaintiffs argue that the case relied upon by Defendant, *Shelter Mutual Insurance Company v. Rimkus Consulting Group, Inc. of Louisiana*, is not dispositive, because the Louisiana Supreme Court did not present an exhaustive list of statutory prohibitions on forum selection clauses, but rather simply discussed three such statutes by way of example.[44] Here, Plaintiffs argue, there is a specific statute that declares that the forum selection clause in the Policy is void, and the clause should therefore not be enforced.[45]

Next, Plaintiffs assert that when a court addresses a valid forum selection clause, the court

---

[40] *Id.* at 4–6 (citing *Lawrence v. Cont'l Ins. Co.*, 199 So.2d 398 (La. Ct. App. 1967); *Bonura v. United Bankers Life Ins. Co.*, 509 So.2d 8 (La. Ct. App. 1987); *Krueger v. Tabor*, 546 So.2d 1317 (La. Ct. App. 1989)).

[41] *Id.* at 6 (citing *Barnewold v. Life Ins. Co. of N. Am.*, 633 F.Supp. 432 (E.D. La. 1986); *Casey v. Prudential Life Ins. Co. of Am.*, 360 So.2d 1386 (La. Ct. App. 1978); *Kadan v. Commercial Ins. Co.*, 800 F.Supp. 1392 (E.D. La. 1992)).

[42] *Id.* at 7-8 (citing 15 La. Civ. L. Treatise, Ins. Law & Prac., section 1:3 (4th ed.)).

[43] *Id.* at 8 (citing *Shelter Mut. Ins. Co.*, 148 So.3d at 871).

[44] *Id.*

[45] *Id.* at 9.

can refuse to enforce such a clause based on public interest factors.[46] Here, Plaintiffs assert that these factors weigh against enforcement of the clause, because: (1) this case has no connection to the State of New York except that the insurer's parent company "has an address there," and the incident occurred in Louisiana, where the witnesses and majority of relevant documents are located; (2) a companion case is pending before this Court in which Plaintiffs sue another insurer, Continental Casualty Company, with regard to the same incident but for coverage under a different policy; (3) dismissal or transfer of the case would prevent or unreasonably delay consolidation of the two related cases; and (4) witnesses and evidence will be more readily available in Louisiana.[47]

Plaintiffs further argue that Section 22:868 requires that Louisiana law apply to the instant dispute and that Louisiana courts are more familiar with Louisiana law.[48] Plaintiffs contend that a ruling in Defendant's favor would "impact the rights of thousands of Louisiana's insureds" if insurers are allowed to bypass the requirements of Section 22:868 and "dictate a different forum and another state's law."[49] Lastly, Plaintiffs argue that Defendant's argument regarding the fact that Plaintiffs originally filed this action in this Court, rather than state court, is misguided, because the action could have been removed even if Plaintiffs had filed the action in state court.[50]

## C.    *Defendant's Reply in Further Support of the Motion to Dismiss*

In reply, Defendant asserts that Plaintiffs' sole basis for their claim that the forum selection clause is invalid is their assertion that it violates public policy as reflected in Louisiana Revised

---

[46] *Id.* at 10 (citing *Atl. Marine Const. Co.*, 134 S.Ct. at 568).

[47] *Id.* at 10–11.

[48] *Id.* at 11.

[49] *Id.*

[50] *Id.*

Statute § 22:868.[51] Defendant contends that this argument fails, because under principles of contract law, the courts of Louisiana are not deprived of jurisdiction by a valid forum selection clause.[52] Defendant again argues that Section 22:868 and its predecessor did not invalidate forum selection clauses, but rather only bar insurance contract provisions that deprive Louisiana state courts of jurisdiction of an action against the insurer.[53]

Defendant next argues that none of the case authority cited by Plaintiffs is relevant, because none of the cases cited by Plaintiffs involve a forum selection clause.[54] Rather, Defendant asserts that each of the cases cited by Plaintiffs involved situations where a Louisiana state court's jurisdiction was questioned.[55] Defendant further argues that Plaintiffs conflate choice of law provisions with forum selection clauses.[56] However, Defendant contends that the enforceability of a choice of law provision is not the question presented by its motion to dismiss and is irrelevant to the issue of whether the forum selection clause is valid.[57]

Finally, Defendant argues that Plaintiffs' interests in consolidating their cases before the Court and convenience in litigating the instant action are private interest factors, which are not to be considered under the altered *forum non conveniens* analysis utilized to assess a valid forum

---

[51] Rec. Doc. 20 at 2.

[52] *Id.*

[53] *Id.* at 3.

[54] *Id.* at 4.

[55] *Id.* at 5–6.

[56] *Id.* at 6.

[57] *Id.*

selection clause.[58] Moreover, Defendant contends that Plaintiffs' other action against Continental Casualty Company involves different questions of law and fact and would not be appropriately consolidated with the instant action.[59] Defendants also note that even if private interest factors were to be considered and consolidation was proper, Plaintiffs made the choice to bring two separate federal lawsuits and should not be allowed to propose consolidation as a basis for avoiding the forum selection clause.[60]

**D.     *Plaintiffs' Supplemental Memorandum in Further Opposition to the Motion to Dismiss***

In a supplemental memorandum in further opposition to the motion to dismiss, Plaintiffs aver that on March 27, 2017, Defendant's counsel provided a copy of a declaratory judgment suit brought by Defendant against Plaintiffs in state court in New York addressing the same issues and dispute before this Court.[61] According to Plaintiffs, the suit in New York was filed on January 17, 2017, but Defendant did not advise Plaintiffs until March 27, 2017, and has "never advised this Court of its pending lawsuit in New York State Court regarding its efforts to adjudicate this dispute in New York."[62] Plaintiffs contend that Defendant has commenced the action in New York to cause additional costs for Plaintiffs and that the Court should deny Defendant's motion to dismiss.[63]

---

[58] *Id.* at 7.

[59] *Id.*

[60] *Id.* at 8.

[61] Rec. Doc. 25 at 2.

[62] *Id.*

[63] *Id.*

## E.    Defendant's Supplemental Memorandum in Further Support of the Motion to Dismiss

In its supplemental memorandum, Defendant asserts that it proposed an agreement whereby Plaintiffs would not be required to respond to its complaint for declaratory judgment in New York until this Court rules on its motion to dismiss.[64] Defendant asserts that there was nothing inappropriate about the filing of the declaratory judgment in New York.[65] Rather, Defendant asserts that if the Court grants its motion to dismiss, there would be nothing to prevent Plaintiffs from filing another lawsuit in a forum outside New York in violation of the forum selection clause.[66] Thus, Defendant argues, if the motion to dismiss is granted, the pending declaratory judgment action in New York "provides assurance" that the dispute will be resolved in New York in accordance with the forum selection clause in the Policy.[67]

## III. Law and Analysis

## A.    Legal Standard

In *Atlantic Marine Construction Co., Inc. v. United States District for the Western District of Texas,* the Supreme Court held that a forum selection clause does not render a different venue "wrong" or "improper" within the meaning of Federal Rule of Civil Procedure 12(b)(3) or 28 U.S.C. § 1406.[68] Rather, a forum selection clause pointing to a particular federal district should be enforced through a motion to transfer under 28 U.S.C. § 1404.[69] The Court further explained

---

[64] Rec. Doc. 33 at 2.

[65] *Id.*

[66] *Id.*

[67] *Id.*

[68] *Atlantic Marine Construction Co. v. United States District Court*, 134 S.Ct. 568, 577 (2013).

[69] *Id.* at 579.

that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*."[70] According to *Atlantic Marine*, "courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum."[71] Thus, where, as here, transfer of an action is impossible because the selected forum is a state or foreign court, a motion to dismiss an action pursuant to *forum non conveniens* is an appropriate method for seeking the enforcement of a forum selection clause.[72] However, the Fifth Circuit has held that the United States Supreme Court's holding in *Atlantic Marine* that forum selection clauses should be enforced absent exceptional circumstances does not apply to permissive forum selection clauses.[73] Moreover, the Fifth Circuit has instructed that only a mandatory forum selection clause justifies dismissal.[74]

Usually, a court applying the doctrine of *forum non conveniens* must determine whether there is an adequate alternative forum and, if so, determine which forum is best-suited to the litigation by considering "a variety of private- and public-interest factors and giving deference to the plaintiff's choice of forum."[75] However, the existence of a mandatory, valid forum selection

[70] *Id.* at 580.

[71] *Id. See also Waste Mgmt. of Louisiana, LLC v. Jefferson Parish*, No. 13-6764, 2014 WL 5393362, at * 2 (E.D. La. Oct. 22, 2014) (Brown, J.).

[72] *See, e.g., Wellogix, Inc. v. SAP America, Inc.*, 648 F. App'x 398 (5th Cir. 2016) (finding that district court did not abuse discretion by dismissing a case based on a forum selection clause specifying a foreign court). *See also* § 1352 Motions to Dismiss—Improper Venue, 5B Fed. Prac. & Proc. Civ. § 1352 (3d ed.) ("If transfer is impossible, for instance when the selected forum is arbitration, state court or a foreign court, then a dismissal through *forum non conveniens* is the appropriate method for dealing with a valid forum-selection clause.").

[73] *Waste Mgmt. of Louisiana, LLC v. Jefferson Parish*, 594 F. App'x 820 (5th Cir. 2014) (affirming this Court's determination that the Supreme Court's holding in *Atlantic Marine* does not apply to permissive forum selection clauses).

[74] *See Weber v. PACT XPP, Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016) ("Only mandatory clauses justify transfer or dismissal.") (internal citation omitted).

[75] *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 300 (5th Cir. 2016) (quoting *Atlantic Marine Construction*

clause simplifies the analysis in two ways: (1) the "plaintiff's choice of forum merits no weight" because, by contracting for a specific forum, "the plaintiff has effectively exercised its 'venue privilege' before a dispute arises;"[76] and (2) the private-interest factors "weigh entirely in favor of the preselected forum," so that the "district court may consider arguments about public-interest factors only."[77] Thus, "a valid forum-selection clause controls the *forum non conveniens* inquiry '[i]n all but the most unusual cases.'"[78] The Fifth Circuit has held that this "harmonizes" with the Supreme Court's "guidance that contractually selected forums often 'figure[] centrally in the parties' negotiations' and become part of those parties' 'settled expectations'—so if a plaintiff disregards such a contractual commitment, 'dismissal . . . work[s] no injustice.'"[79]

As the Fifth Circuit has recently recognized, neither the Supreme Court nor the Fifth Circuit has stated "what source of law governs the validity of a forum-selection clause."[80] However, under Fifth Circuit precedent, even in diversity cases, federal law governs the "enforceability" of forum selection clauses, and the Fifth Circuit has noted that it does not appear that it has drawn a "distinction between validity and enforceability, instead seeming to treat those words as synonyms in the forum-selection clause context."[81] In this circuit, the law governing the enforceability of a

---

*Co. v. United States District Court*, 134 S.Ct. 568 (2013)) (internal quotation marks omitted) (citing *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 794–95 (5th Cir. 2007)).

[76] *Id.* (citing *Atl. Marine Const. Co.*, 134 S.Ct. at 581-82).

[77] *Id.* (citing *Atl. Marine Const. Co.*, 134 S.Ct. at 583).

[78] *Id.*

[79] *Id.*

[80] *Id.*

[81] *Id.* (citing *Haynsworth v. The Corp.*, 121 F.3d 956, 962 (5th Cir. 1997)). *See also Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016); *Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 114 (5th Cir. 1996) (holding that forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances)".

forum selection clause requires a party attacking a forum selection clause to "overcome a presumption of enforceability" by showing that the clause is "unreasonable under the circumstances," because: "(1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state."[82]

Thus, the Court must first determine whether the forum selection clause is mandatory and then determine whether the forum selection clause is valid or whether Plaintiffs have overcome the "presumption of enforceability" by demonstrating that the forum selection clause is "unreasonable under the circumstances."[83] If the Court finds that the forum selection clause is mandatory and valid, the Court must then determine whether dismissal is appropriate under a modified *forum non conveniens* analysis, considering only the public interest factors and giving Plaintiffs' choice of forum no weight.[84]

### C.    *Analysis*

The forum selection clause in the Policy reads as follows:

> The laws of the State of New York, without regard to any conflict of laws rules that would cause the application of the laws of any other jurisdiction, shall govern the construction, effect and interpretation of this insurance agreement.

---

[82] *Barnett*, 831 F.3d at 301 (citing *Haynsworth*, 121 F.3d at 963).

[83] *Id.*

[84] *Id.* at 300.

> The parties irrevocably submit to the exclusive jurisdiction of the Courts of the State of New York and to the extent permitted by law the parties expressly waive all rights to challenge or otherwise limit such jurisdiction.[85]

Defendant argues that the instant action should be dismissed, because the forum selection clause is mandatory and valid and is not unreasonable under the circumstances.[86] Moreover, Defendant contends that the public interest factors considered under a *forum non conveniens* analysis weigh in favor of dismissal.[87] In opposition, Plaintiffs contend that the forum selection clause is invalid and unreasonable under the circumstances, because enforcement of the forum selection clause would contravene a strong public policy of Louisiana.[88] Specifically, Plaintiffs contend that the Louisiana Legislature declared the Policy's forum selection clause void by enacting Louisiana Revised Statute § 22:868.[89] Plaintiffs further contend that the *forum non conveniens* factors do not weigh in favor of dismissal in this case.[90] The Court will address the parties' arguments in turn.

### 1. Whether the Forum Selection Clause is Mandatory

As an initial matter, the Court notes that the parties do not appear to dispute that the Policy's forum selection clause is mandatory. However, as noted *supra*, the Fifth Circuit has held that the United States Supreme Court's holding in *Atlantic Marine* that forum selection clauses should be

---

[85] Rec. Doc. 11-3 at 11.

[86] Rec. Doc. 11-1 at 8.

[87] *Id.*

[88] Rec. Doc. 16 at 9.

[89] *Id.*

[90] *Id.* at 10.

enforced absent exceptional circumstances does not apply to permissive forum selection clauses.[91]

Moreover, the Fifth Circuit has instructed that only a mandatory forum selection clause justifies dismissal.[92] Thus, the Court must first determine whether the forum selection at issue is mandatory or permissive. A forum selection clause is mandatory "only if it contains clear language specifying that litigation *must* occur in the specified forum-and language indicating that courts of a particular place 'shall have jurisdiction' (or similar) is insufficient" to make a forum selection clause mandatory.[93] Here, the Policy's forum selection clause states that the parties "irrevocably submit to the *exclusive* jurisdiction of the Court of the State of New York and to the extent permitted by law the parties expressly waive *all rights to challenge or otherwise limit such jurisdiction*."[94] Based on the clear language in the forum selection clause stating that the parties submit to the exclusive jurisdiction of the Court of the State of New York, the Court finds that the Policy's forum selection clause is mandatory.[95]

### 2. Whether the Forum Selection Clause is Valid and Enforceable

As the Fifth Circuit has made clear, after the Court has determined that a forum selection clause is mandatory, it must then determine whether the forum selection clause is valid and

---

[91] *Waste Mgmt. of Louisiana, LLC v. Jefferson Parish*, 594 F. App'x 820 (5th Cir. 2014) (affirming this Court's determination that the Supreme Court's holding in *Atlantic Marine* does not apply to permissive forum selection clauses).

[92] *See Weber v. PACT XPP, Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016) ("Only mandatory clauses justify transfer or dismissal.") (internal citation omitted).

[93] *Id.* (internal citation omitted).

[94] Rec. Doc. 11-3 at 11 (emphasis added).

[95] *See Waste Mgmt. of Louisiana, LLC v. Jefferson Parish*, 48 F.Supp.3d 894, 911 (E.D. La. 2014) (Brown, J.), *aff'd by Waste Mgmt. of Louisiana, LLC v. Jefferson Parish*, 594 F. App'x 820 (5th Cir. 2014) ("[F]or a forum selection clause to be exclusive, it must . . . clearly demonstrate the parties' intent to make that jurisdiction exclusive.") (internal quotations and citation omitted).

enforceable.[96] As noted *supra*, even in diversity cases, federal law governs the enforceability of forum selection clauses.[97] In the Fifth Circuit, the law governing the enforceability of a forum selection clause requires a party attacking a forum selection clause to "overcome a presumption of enforceability" by showing that the forum selection clause is "unreasonable under the circumstances," because: "(1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state."[98]

Here, Plaintiffs, as the parties attacking the forum selection clause, argue that the forum selection clause should not be enforced because its enforcement would "contravene a strong public policy of the forum state."[99] Specifically, Plaintiffs contend that the forum selection clause contravenes the public policy set forth in Louisiana Revised Statute § 22:868, which prohibits insurance policies issued or delivered in Louisiana from depriving the courts of Louisiana of jurisdiction over an action against the insurer.[100] Defendant argues that forum selection clauses do not deprive the courts of Louisiana of jurisdiction and thus, the forum selection clause does not

---

[96] *Barnett v. DynCorp Int'l, LLC*, 831 F.3d 296, 300 (5th Cir. 2016) (internal citation omitted).

[97] *Id.* (internal citation omitted).

[98] *Id.* at 301 (internal citation omitted).

[99] *Id.*

[100] Rec Doc. 16 at 4.

contravene the public policy set forth in Section 22:868.[101]

The Court must therefore interpret Louisiana state law to determine whether the forum selection clause in the Policy at issue contravenes a Louisiana public policy as set forth in Section 22:868. When a federal court interprets a state law, it must do so according to the principles of interpretation followed by that state's highest court.[102] In Louisiana, "courts must begin every legal analysis by examining primary sources of law: the State's Constitution, codes, and statutes."[103] These authoritative or primary sources of law are to be "contrasted with persuasive or secondary sources of law, such as [Louisiana or other civil law] jurisprudence, doctrine, conventional usages, and equity, that may guide the court in reaching a decision in the absence of legislation and custom."[104] To make a so-called "*Erie* guess" on an issue of Louisiana law, the Court must "employ the appropriate Louisiana methodology" to decide the issue the way that it believes the Supreme Court of Louisiana would decide it.[105]

The Court starts, as it must, by examining primary sources of Louisiana law, in this case Title 22 of the Insurance Code. Louisiana Revised Statute §22:868 states:

> A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any group health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement either:
> > (1) Requiring it to be construed according to the laws of any other state or country except as necessary to meet the requirements of the motor vehicle financial responsibility laws of such other state or country.

---

[101] Rec. Doc. 20 at 2.

[102] *Jones Motor Grp., Inc. v. Hotard*, 135 F.Supp.3d 530, 535 (E.D. La. 2015) (Brown, J.) (internal citation omitted).

[103] *Id.* (quoting *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 547 (5th Cir. 2004)).

[104] *Id.*

[105] *Id.*

<blockquote>(2) Depriving the courts of this state of the jurisdiction of action against the insurer.[106]</blockquote>

Plaintiffs point to the language of Section 22:868(A)(2) and contend that the forum selection clause in the Policy impermissibly deprives the courts of Louisiana of the jurisdiction of an action against the insurer.[107] The statute itself does not specifically mention forum selection clauses. The task for the Court, therefore, is to determine whether a forum selection clause constitutes "any condition, stipulation or agreement . . . depriving the courts of [Louisiana] of the jurisdiction of action against the insurer."[108]

"The starting point for statutory interpretation and construction is the language of the law itself."[109] Plaintiffs contend that under the language of Section 22:868, the forum selection clause in the Policy deprives Louisiana courts of jurisdiction. In *Shelter Mutual Insurance Company v. Rimkus Consulting Group, Inc. of Louisiana*, the Supreme Court of Louisiana recently recognized that a forum selection clause "is a provision in a contract that mandates a particular state, county, parish, or court as the proper *venue* in which the parties to an action must litigate any future disputes regarding their contractual relationship."[110] In arguing that a forum selection clause

---

[106] La. Rev. Stat. § 22:868.

[107] Rec. Doc. 16 at 4.

[108] La. Rev. Stat. § 22:868(A).

[109] *Touchard v. Williams*, 617 So.2d 885 (La. 1993); *see also* 20 La. Civ. L. Treatise, Legis. Law & Proc. § 7:2 (2016 ed.).

[110] *Shelter Mut. Ins. Co. v. Rimkus Consulting Grp., Inc. of Louisiana*, 148 So.3d 871, 873 (La. 2014) (internal quotation marks and citations omitted) (emphasis added). *See also Vallejo Enterprise, LLC v. Boulder Image, Inc.*, 05-2649 (La. App. 1 Cir. 11/3/06), 950 So.2d 832, 837 (internal citation omitted) ("We would agree that the presence of a forum-selection clause does not divest the trial court of jurisdiction to determine the underlying contract's validity and legality."); *Lewis v. Townsend*, 47, 536 (La. App. 2 Cir. 12/12/12), 108 So.3d 184, 187 (construing an exception of lack of subject matter jurisdiction as an exception of venue where defendants sought to enforce a forum selection clause and noting that determination of the enforceability of a forum selection clause is an issue of venue, not subject matter jurisdiction); *Luffey ex rel. Fredrickburg Props. of Texas, LP*, 37, 591 (La. App. 2 Cir. 12/10/03) (noting that "[a] forum selection clause expresses the parties' intent with regard to venue" and finding

mandating a particular venue deprives the Louisiana courts of jurisdiction, Plaintiffs appear to conflate the concepts of jurisdiction and venue. However, the two concepts are separate and distinct. As defined by the Louisiana Code of Civil Procedure article 41, "venue" means "the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject."[111] By contrast, Louisiana Code of Civil Procedure article 2 states that "[j]urisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted."[112] Subject matter jurisdiction is created by the constitution or legislative enactment[113] and, unlike venue, cannot be conferred or waived by the parties.[114] Thus,

---

that the defendants could not seek enforcement of the forum selection clause through an exception of lack of subject matter jurisdiction, "as the forum selection clause does not affect the power or authority of the court to hear the matter") (citing La. Civ. Code art. 41); *Louisiana Pigment Co., LP v. Air Liquide Am., LP*, 13-698 (La. App. 3 Cir. 10/15/14), 149 So.3d 997, 1005 (reversing trial court's grant of an exception for improper venue after finding that the forum selection clause did not violate public policy); 1 La. Civ. L. Treatise, Civ. Pro. §3:3 (2d ed.) (noting that when a forum selection clause is mandatory, it deprives a party of venue in another parish, "unless there is clear proof that enforcement of the forum selection clause would be unreasonable or unjust, or that the clause arises from fraud or overreaching, or that enforcement would contravene a strong public policy"); 1 La. Prac. Civ. Proc. Article 44, *Waiver of Objections to Venue* (2016 ed.) (noting that even before the Louisiana Supreme Court's holding in *Shelter Mutual Ins. Co.*, Louisiana appellate courts had generally held forum selection clauses to be prima facie valid). *Cf. Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex., et al.*, 134 S.Ct. 568, 579 (2013) (holding that a forum selection clause does not render venue "wrong" or "improper" and that it may be enforced through a motion to transfer venue under §1404(a)).

[111] La. C.C.P. art. 41.

[112] La. C.C.P. art. 2.

[113] *See, e.g.*, La. Const. art. 5.

[114] *See* La. C.C.P. arts. 3, 925. *See also Boudreaux v. State Dept. of Transp. and Devpt.*, 01-1329 (La. 2/26/02), 815 So.2d 7 ("The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties or waived . . ."). *See also Black's Law Dictionary* (9th ed.) (internal citation omitted) ("Venue must be carefully distinguished from jurisdiction. Jurisdiction deals with the power of a court to hear and dispose of a given case . . . Venue is of a distinctly lower level of importance; it is simply a statutory device designed to facilitate and balance the objectives of optimum convenience for parties and witnesses and efficient allocation of judicial resources.").

while a party may agree to a particular venue and agree to waive objections to a particular venue via a forum selection clause, it may not confer or waive subject matter jurisdiction, which can only be conferred by the constitution or legislative enactment.[115]

Moreover, in *Shelter Mutual Insurance Company*, the Supreme Court of Louisiana held that forum selection clauses are "generally enforceable and are not *per se* violative of public policy in Louisiana."[116] The Supreme Court of Louisiana also noted that the United States Supreme Court in *M/S Bremen v. Zapata Off-Shore Company*, rejected the viewpoint that forum selection clauses "oust" the jurisdiction of the court and that this analysis "influenced the enforceability of forum selection clauses in subsequent state court litigation, including Louisiana."[117] The Louisiana Supreme Court recognized in *Shelter Mutual Insurance Company* that a forum selection clause mandates a particular *venue*, which is an issue separate and apart from jurisdiction.[118]

The Louisiana Supreme Court's interpretation of Section 22:868 is further supported by the fact that the plain language of the statute itself does not expressly mention forum selection clauses, while other statutes enacted by the Louisiana legislature do. The Louisiana legislature has specifically and expressly limited forum selection clauses in at least three instances: (1) in certain

---

[115] *See* La. C.C.P. arts. 3, 925. *See also Luffey ex rel. Fredericksburg Props. of Tex., LP v. Fredericksburg Props. of Tex., LP, et al.*, 37-591 (La. App. 2 Cir. 12/10/03) ("The court that declines to exercise its subject matter jurisdiction and enforces a valid forum selection clause is making a determination of venue; the court's power and authority to adjudicate the matter, or its subject matter jurisdiction remains.").

[116] *Id.* at 878.

[117] *Id.* at 874 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972)).

[118] *Id.* at 873.

construction contracts;[119] (2) in employment contracts;[120] and (3) in the context of actions under the Louisiana Unfair Trade Practices Act.[121] The Louisiana legislature could have expressly prohibited forum selection clauses in the context of insurance contracts, but it did not do so in Section 22:868.[122] Plaintiffs argue that the Court should interpret the language of Section 22:868 to prohibit forum selection clauses in insurance contracts. However, the "clear and unambiguous" language of the statute indicates that those provisions depriving the courts of Louisiana of jurisdiction—not those mandating a particular venue—are prohibited.[123] Considering the language of the statute itself, as well as the jurisprudence of the Louisiana Supreme Court, the Court finds that the forum selection clause in the Policy does not contravene a Louisiana public policy as set forth in Louisiana Revised Statute § 22:868.[124]

---

[119] La. Rev. Stat. § 9:2779(A) (declaring "provisions . . . requiring disputes arising [under public and private works projects] to be resolved in a forum outside of this state" to be "inequitable and against the public policy of this state").

[120] La. Rev. Stat. §23:921(A)(2). *See also Sawicki v. K/S Stavanger Prince*, 01-0528 (La. 12/7/01), 802 So.2d 598 (finding that a forum selection clause contained in an employment contract violated Louisiana's public policy as stated in La. Rev. Stat. § 23:921(A)(2)); *Authenment v. Ingram Barge Co.*, 878 F.Supp.2d 672 (E.D. La. 2012) (Milazzo, J.) (recognizing that La. Rev. Stat. § 23:921(A)(2) prohibits forum selection clause in employment contracts but finding the law inapplicable to an insurance contract).

[121] La. Rev. Stat. § 51:1407(A). *See also Lejano v. Bandak*, 97-388 (La. 12/12/97), 705 So.2d 158, *cert. denied, Lejano v. K.S. Bandak Assuranceforeningen Gard*, 525 U.S. 815 (1998) (clarifying that the language in La. Rev. Stat. § 51:1407(A) is limited in scope to transactions or interactions between out-of-state, professional telephone solicitors and Louisiana residents).

[122] *See, e.g., Borel v. Young*, 2007-0419 (La. 11/27/07) 989 So.2d 42, 62 (construing a statute and finding that the legislature would not "hint" about the issue of peremption when it was apparent from other statutes that it "clearly knows how to specify its intention in this regard").

[123] La. Civ. Code art. 9.

[124] This finding is further supported by the Louisiana and federal jurisprudence interpreting Section 22:868 to prohibit arbitration clauses, which would deprive Louisiana courts of jurisdiction over a dispute, in insurance contracts delivered in Louisiana. *See Doucet v. Dental Health Plans Mgmt. Corp.*, 412 So.2d 1383, 1384 (La. 1982) (noting that arbitration provisions of an insurance contract would be unenforceable under La. Rev. Stat. §22:629, now renumbered as La. Rev. Stat. §22:868); *Macaluso v. Watson*, 171 So.2d 755 (La. App. 4 Cir. 1965) (finding arbitration agreement between insured and automobile liability insurer void and unenforceable under La. Rev. Stat. §22:629, now renumbered as La. Rev. Stat. §22:868); *Courville v. Allied Prof. Ins. Co.*, 2013-0976 (La. App. 1 Cir. 6/5/15) 174 So.3d 659, 666 ("Louisiana has enacted [La. Rev. Stat. §22:868] that effectively prohibits the enforcement of

The Court notes that Plaintiffs point to three Louisiana appellate court decisions to support its contention that forum selection clauses violate a public policy of Louisiana as set forth Section 22:868. However, each of these cases is distinguishable and unpersuasive here, because none of the cases cited by Plaintiffs address a forum selection clause. In *Lawrence v. Continental Insurance Company*, for example, the Louisiana Third Circuit Court of Appeal held that a provision in an automobile insurance policy requiring the insured making a claim under the "uninsured motorist" coverage to join the non-resident uninsured motorist as a party defendant was invalid, because the Louisiana court did not have personal jurisdiction over the non-resident motorist.[125] The other two cases cited by Plaintiffs both concern the issue of whether a Louisiana court has subject matter jurisdiction over a claim by Louisiana residents against a foreign insurer, where the insurer had been placed in receivership in Texas, but not in Louisiana.[126] The Louisiana First Circuit and Third Circuit Courts of Appeal both held that the trial court properly found it had subject matter jurisdiction over the action, in part because of the policy set forth in Section 22:868 requiring that Louisiana courts have jurisdiction over insurance policies issued or delivered in Louisiana.[127] None of the cases cited by Plaintiffs stand for the proposition that forum selection clauses deprive Louisiana courts of jurisdiction.

In sum, the plain language of Section 22:868 does not prohibit forum selection clauses in

---

arbitration provisions in the context of insurance disputes."); *Safety Nat'l Cas. Corp. v. Certain Underwriters at Lloyd's, London*, 587 F.3d 714, 719 (5th Cir. 2009) (internal citations omitted) (noting that Louisiana courts have held that arbitration agreements in insurance policies are unenforceable under Louisiana Revised Statute §22:868).

[125] 199 So.2d 398, 399 (La. Ct. App. 3 Cir. 1967).

[126] *Bonura v. United Bankers Life Ins. Co.*, 509 So.2d 8 (La. Ct. App. 1 Cir. 1987); *Krueger v. Tabor*, 546 So.2d 1317 (La. Ct. App. 3 Cir. 1989).

[127] *Bonura*, 509 So.2d at 11 *Krueger*, 546 So.2d at 1321. At the time of the courts' rulings, Section 22:868 was numbered as Louisiana Revised Statute §22:629.

insurance contracts, but rather prohibits provisions that deny the courts of Louisiana of jurisdiction over an action against the insurer. As noted *supra*, the issue of venue is distinct from the issue of jurisdiction. As the Louisiana Supreme Court has recognized, a forum selection clause is a provision that mandates a particular venue.[128] Forum selection clauses are generally enforceable in Louisiana and are not *per se* violative of public policy in the state.[129] Moreover, the Louisiana legislature has expressly prohibited forum selection clauses in certain contexts but did not do so in the language of Section 22:868.[130] Accordingly, the Court finds that the forum selection clause in the Policy does not contravene a "strong public policy" in Louisiana and is valid and enforceable.[131]

### 3. Whether Dismissal is Appropriate under a *Forum Non Conveniens* Analysis

Having found the forum selection clause to be mandatory and valid, the Court must next evaluate whether dismissal is appropriate under a *forum non conveniens* analysis. As stated *supra*, the existence of a valid forum selection clause simplifies the *forum non conveniens* analysis in two ways: (1) the "plaintiff's choice of forum merits no weight" because, by contracting for a specific forum, "the plaintiff has effectively exercised its 'venue privilege' before a dispute arises;"[132] and (2) the private-interest factors "weigh entirely in favor of the preselected forum," so that the

---

[128] *Shelter Mut. Ins. Co. v. Rimkus Consulting Grp., Inc. of Louisiana*, 2013-1977 (La. 7/1/14), 148 So.3d 871, 873 (internal quotation marks and citations omitted) (emphasis added).

[129] *Id.* at 878.

[130] *See* La. Rev. Stat. § 51:1407(A); La. Rev. Stat. §23:921(A)(2); La. Rev. Stat. § 9:2779(A).

[131] *Barnett v. DynCorp Int'l, LLC*, 831 F.3d 296, 301 (5th Cir. 2016) (internal citation omitted).

[132] *Id.* at 301 (quoting *Atl. Marine Const. Co. v. United States District Court*, 134 S.Ct. 568 (2013)) (internal quotation marks omitted).

"district court may consider arguments about public-interest factors only."[133] The Fifth Circuit has held that public interest factors include: (1) "administrative difficulties flowing from court congestion;" (2) "the local interest in having localized controversies decided at home;" (3) "the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action;" (4) "the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law;" and (5) "the unfairness of burdening citizens in an unrelated forum with jury duty."[134] "These factors justify a refusal to enforce a forum-selection clause only in 'truly exceptional cases.'"[135]

Here, Plaintiffs do not address the first factor. However, Defendant points to federal court management statistics indicating that the Eastern District of Louisiana has a high number of pending cases per judgeship compared to other district courts.[136] Thus, the Court finds that the first factor weighs in favor of enforcing the forum selection clause.

As to the second factor, Plaintiffs argue that this case has no connection to the State of New York except that the insurer's parent company "has an address there."[137] Defendant points out, however, that the Policy covers properties in multiple states and that the Policy was issued in Georgia by a Missouri Corporation, with its principal place of business in Kansas.[138] Thus, Defendant argues that even though the property at issue is located in Louisiana, the instant dispute

---

[133] *Id.* at 302 (citing *Atl. Marine*, 134 S.Ct. at 583).

[134] *Id.* at 309 (citing *Weber*, 811 F.3d at 776).

[135] *Id.*

[136] Rec. Doc. 11-1 at 18 (citing Rec. Doc. 11-4).

[137] Rec. Doc. 16 at 10.

[138] Rec. Doc. 11-1 at 19.

is not "localized."[139] The Court finds that this factor also weighs in favor of enforcement of the forum selection clause, as the instant action involves a dispute between parties in a variety of locations regarding a policy covering properties in multiple states and is therefore not highly localized.

As to the third factor, the Court notes that Plaintiffs argue that the choice of law forum in the Policy is invalid under Section 22:868 and that Louisiana law, rather than New York law, must apply to the instant dispute.[140] Section 22:868(A)(1) states that no insurance contract issued or delivered in Louisiana shall contain a provision "requiring it to be construed according to the laws of any other state or country except as necessary to meet the requirements of the motor vehicle financial responsibility laws of such other state or country."[141] Courts have declined to enforce choice of law provisions in insurance contracts due to the public policy concern expressed in Section 22:868(A)(1).[142] Assuming, without deciding, that the Policy's choice of law provision is invalid due to Louisiana's public policy concern as expressed in Section 22:868(A)(1), the Court finds that the third factor weighs slightly against enforcement of the forum selection clause under Section 22:868. However, the Court notes that Section 22:868(C) expressly states that the voiding of any condition under Sections 22:868(A) or (B) "shall not affect the validity of the other provisions of the contract."[143] Thus, even if the choice of law provision were to eventually be

---

[139] *Id.*

[140] Rec. Doc. 16 at 11.

[141] La. Rev. Stat. § 22:868(A)(1).

[142] *See, e.g., Casey v. Prudential Ins. Co. of Am.*, 360 So. 2d 1386, 1390 (La. Ct. App.), *writ denied sub nom. Casey v. Prudential Ins. Co*, 363 So. 2d 536 (La. 1978). *See also Kadan v. Comm. Ins. Co.*, 800 F.Supp. 1392 (E.D. La. 1992).

[143] La. Rev. Stat. § 22:868(C).

invalidated due to public policy concerns, that invalidation, by the terms of the statute, would not affect the validity of the forum selection clause.

As to the fourth factor, Plaintiffs have not presented any argument that adjudication of this dispute in New York would present any "unnecessary problems in conflict of laws, or in the application of foreign law."[144] Accordingly, the Court finds that the fourth factor also weighs in favor of enforcement. The Court notes that neither party addresses the fifth factor in the briefing before the Court. Therefore, the Court will consider this factor to be neutral.

As noted *supra*, "[t]hese factors justify a refusal to enforce a forum-selection clause only in 'truly exceptional cases.'"[145] Considering the relevant factors, the Court finds that the first, second and fourth factors weigh in favor of enforcement of the forum selection clause, that the third factor weighs slightly against enforcement, and that the fifth factor is neutral. Considering the Fifth Circuit's guidance that the factors justify non-enforcement of a forum selection clause only in truly exceptional cases, the Court finds that Plaintiffs have failed to carry the "high burden of persuasion" here to demonstrate that this is such a case.[146] Accordingly, the Court finds that dismissal pursuant to the doctrine of *forum non conveniens* is appropriate.

### 4.     Plaintiffs' Additional Arguments

The Court notes that Plaintiffs also argue that it would be more convenient for them to litigate this action in Louisiana.[147] However, as noted *supra*, such private interests are not

---

[144] *Barnett*, 831 F.3d at 301 (internal citation omitted).

[145] *Id.* at 309.

[146] *See id.*

[147] Rec. Doc. 16 at 10-11.

considered under the *forum non conveniens* analysis where, as here, a valid forum selection clause is included in the Policy. Likewise, the Court finds unavailing Plaintiffs' argument that the Court should decline to enforce the forum selection clause because Plaintiffs seek consolidation of this action with another action pending in the Eastern District of Louisiana that they allege is related.[148] However, the fact that a potentially related case is pending in the Eastern District of Louisiana is not a public interest factor to be considered under the *forum non conveniens* analysis.

The Court also notes Plaintiffs' argument that "the damaged and destitute insureds" of Louisiana should not be forced to litigate claims in foreign forums following the "devastating effects" of a hypothetical natural disaster or other catastrophe.[149] In the case of a destitute insured following a natural disaster, the relevant factors may indeed weigh against the enforcement of a forum selection clause. However, this case involves two sophisticated parties who bargained for and agreed upon a forum selection clause, and Plaintiffs have not carried their burden to demonstrate that the instant action is a truly exceptional case such that the parties' negotiated forum selection clause should not be enforced.[150] Accordingly, the Court grants Defendant's motion and dismisses the instant action without prejudice.[151]

---

[148] *Id.* at 10.

[149] Rec. Doc. 16 at 11.

[150] *See Shelter Mut. Ins. Co.*, 148 So.3d at 882 (striking down the lower court's holding that forum selection clauses were unenforceable under Louisiana law and noting that the "parties in this case are commercially sophisticated entities who have a history of conducting business together").

[151] The Court also notes that the parties have submitted supplemental memoranda regarding another action filed by Defendant in New York regarding the instant dispute. *See* Rec. Docs. 25, 33. However, Plaintiffs have not cited to any authority indicating that the filing of such an action weighs in favor of non-enforcement of the valid forum selection clause or that the action is otherwise relevant to the Court's analysis regarding the instant motion.

## IV. Conclusion

Based on the foregoing, the Court finds that that the forum selection clause in the Policy is mandatory and valid. The Court further finds that Plaintiffs, as the parties resisting enforcement of the forum selection clause, have not met their burden to "overcome a presumption of enforceability" of the forum selection clause.[152] Considering the relevant public interest factors under the appropriate *forum non conveniens* analysis, the Court finds that Plaintiffs have not carried their burden to demonstrate that the instant action is a truly exceptional case such that the parties' negotiated forum selection clause should not be enforced.[153]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's "Motion to Dismiss"[154] is **GRANTED**.

**IT IS FURTHER ORDERED** that the instant action be **DISMISSED WITHOUT PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this _29th_ day of June, 2017.

**NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE**

---

[152] *Barnett*, 831 F.3d at 301 (citing *Haynsworth*, 121 F.3d at 963).

[153] *See id.*

[154] Rec. Doc. 11.